UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:

ANNE M. LIGUM,

      Plaintiff,

v.

STEPHENS & MICHAELS ASSOCIATES, INC.,
AND PINNACLE CREDIT SERVICES, LLC.,

      Defendants.

_____/

## COMPLAINT
## JURY DEMAND

1.     Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2.     This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k.  Venue in this District is proper because Plaintiff resides here and Defendant, STEPHENS & MICHAELS ASSOCIATES, INC., placed telephone calls and sent letters into this District on behalf of Defendant, PINNACLE CREDIT SERVICES, LLC.

## PARTIES

3.      Plaintiff, ANNE M. LIGUM, is a natural person and citizen of the State of Florida who resides in Palm Beach County, Florida.

4.      Defendant, STEPHENS & MICHAELS ASSOCIATES, INC., ("STEPHENS"), is a corporation and citizen of the State of New Hampshire with its principal place of business at 7 Stiles Road, Salem, NH 03079.

5.      Defendant, PINNACLE CREDIT SERVICES, LLC., ("PINNACLE") is a limited liability company and citizen of the State of Minnesota with its principal place of business at Suite 200, 7900 Highway 7, Minneapolis, MN 55426.

## FACTUAL ALLEGATIONS

6.      Defendant sought to collect from Plaintiff an alleged debt arising from transactions engaged in for personal, family or household purposes.

7.      Plaintiff defaulted on the alleged debt some time ago.

8.      After the alleged debt went into default, the original creditor sold the alleged debt.

9.      Defendant, PINNACLE, purchased the alleged debt from the original creditor or a subsequent holder.

10.     Defendant, PINNACLE, assigned the debt for collection to other debt collectors including but not limited to, Defendant, STEPHENS, who in turn sought to collect the alleged debt from Plaintiff.

11.     Defendant, PINNACLE, regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

12.     Defendant, STEPHENS, regularly uses the mail and telephone in a business, the principal purpose of which is the collection of debts.

13.     Defendant, PINNACLE, regularly collects or attempts to collect debts for other parties.

14.     Defendant, PINNACLE, is a "debt collector" as defined in the FDCPA.

15.     Defendant, STEPHENS, is a "debt collector" as defined in the FDCPA.

16.     At all times material to the allegations of this complaint, Defendant, PINNACLE, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

17.     At all times material to the allegations of this complaint, Defendant, STEPHENS, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

18.    Defendant, PINNACLE, authorized other debt collectors including but not limited to Defendant, STEPHENS, to collect the alleged debt from Plaintiff by placing telephone calls and sending letters on its behalf to Plaintiff.

19.    Other debt collectors including but not limited to Defendant, STEPHENS, sent letters and placed telephone calls to Plaintiff in an effort to collect the alleged debt on behalf of PINNACLE.

20.    Defendant, PINNACLE, conveyed information to Plaintiff regarding the alleged debt through Defendant, STEPHENS'S telephone calls to Plaintiff.

21.    By virtue of its status as a debt collector, PINNACLE, is vicariously liable to Plaintiff for STEPHENS'S violations of the FDCPA. See *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 405 (3d Cir. Pa. 2000); *McCorriston v. L.W.T., Inc.*, 2008 U.S. Dist. LEXIS 60006, 11-12 (M.D. Fla. Aug. 7, 2008); *Schutz v. Arrow Fin. Servs., LLC*, 465 F. Supp. 2d 872, 876 (N.D. Ill. 2006).

22.    Defendant, STEPHENS, left the following messages on Plaintiff's voice mail on her cellular telephone service on or about the dates stated:

April 17, 2009
Annie, it's Steve Kalewell calling from the firm of Stephens & Michaels. Again, I've left you several messages regarding case number 537317. I'm not too sure why you're neglecting to return my calls. I am going to be in the office till 5:30 today. Again, the phone number is 866-201-0940. My Extension is 2878.

June 5, 2009 – Pre-Recorded Message
Please call the firm of Stephens & Michaels at 603-824-9505 and refer to File Number 537317. Our office hours are Monday thru Thursday 8:30 AM

to 8:00 PM Eastern time and Friday from 8:30 AM to 5:30 PM. Again, this is an important message for Anne Ligum. Anne Ligum, please call the firm of Stephens & Michaels at 603-824-9505 and refer to File Number 537317. Thank you. Goodbye.

July 25, 2009 – Pre-Recorded Message
Please call the firm of Stephens & Michaels at 603-824-9505 and refer to File Number 537317. Our office hours are Monday thru Thursday 8:30 AM to 8:00 PM Eastern time and Friday from 8:30 AM to 5:30 PM. Again, this is an important message for Anne Ligum. Anne Ligum, please call the firm of Stephens & Michaels at 603-824-9505 and refer to File Number 537317. Thank you. Goodbye.

July 29, 2009 – Pre-Recorded Message
Please call the firm of Stephens & Michaels at 603-824-9505 and refer to File Number 537317. Our office hours are Monday thru Thursday 8:30 AM to 8:00 PM Eastern time and Friday from 8:30 AM to 5:30 PM. Again, this is an important message for Anne Ligum. Anne Ligum, please call the firm of Stephens & Michaels at 603-824-9505 and refer to File Number 537317. Thank you. Goodbye.

August 12, 2009 – Pre-Recorded Message
Please call the firm of Stephens & Michaels at 603-824-9505 and refer to File Number 537317. Our office hours are Monday thru Thursday 8:30 AM to 8:00 PM Eastern time and Friday from 8:30 AM to 5:30 PM. Again, this is an important message for Anne Ligum. Anne Ligum, please call the firm of Stephens & Michaels at 603-824-9505 and refer to File Number 537317. Thank you. Goodbye.

August 18, 2009 – Pre-Recorded Message
Please call the firm of Stephens & Michaels at 866-201-0940 and refer to file number 537317. Our office hours are Monday through Thursday 8:30 AM to 8:00 PM Eastern Time, and Friday from 8:30 AM to 5:30 PM. Again, this is an important message for Anne Ligum. Anne Ligum, please call the firm of Stephens & Michaels at 866-201-0940 and refer to file number 537317. Thank you. Goodbye.

23.    Defendant, STEPHENS, left similar or identical messages for Plaintiff

on other occasions. (Collectively, "the telephone messages").

5

24.     The messages are "communications" as defined by 15 U.S.C.

§1692a(2). See *Berg v. Merchs. Ass'n Collection Div.*, Case No. 08-60660-Civ-

Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

25.     Defendant, STEPHENS, failed to inform Plaintiff in the messages that

the communication was from a debt collector and failed to disclose the purpose of

its messages.

26.     Defendant, STEPHENS, placed an excessive number of calls to

Plaintiff.

27.     Defendant, STEPHENS, knew it was required to disclose that it is a

debt collector and the purpose of its communication in telephone messages to

Plaintiff.

28.     STEPHENS, and other debt collectors acting on behalf of Defendant,

PINNACLE, used an automatic telephone dialing system or an artificial or pre-

recorded voice to place telephone calls to Plaintiff's cellular telephone without

Plaintiff's prior express consent.

29.     Defendant, STEPHENS, willfully or knowingly violated the TCPA.

30.     As assignee of the original creditor, Defendant, PINNACLE, is liable

to Plaintiff for STEPHENS'S, and any of PINNACLE'S other debt collector

agents, violation of the TCPA and its regulations. See paragraph 10, *In the Matter*

*of Rules and Regulations Implementing the Telephone Consumer Protection Act of*

*1991*, 2008 WL 65485, 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877 (F.C.C. Jan 04, 2008).

31.     None of the telephone calls to Plaintiff were placed for "emergency purposes" as defined in the TCPA.

### COUNT I
### FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

32.     Plaintiff incorporates Paragraphs 1 through 31.

33.     Defendant, STEPHENS, failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and *Leyse v. Corporate Collection Servs.*, 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

   a.     Damages;

   b.     Attorney's fees, litigation expenses and costs of suit; and

   c.     Such other or further relief as the Court deems proper.

### COUNT II
### FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

34.     Plaintiff incorporates Paragraphs 1 through 31.

35.     Defendant, STEPHENS, placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose that it is a debt collector and or the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc*., Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.,* 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.,* 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

      a.     Damages;

      b.     Attorney's fees, litigation expenses and costs of suit; and

      c.     Such other or further relief as the Court deems proper.

## COUNT III
## EXCESSIVE CALLING IN VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

36.     Plaintiff incorporates Paragraphs 1 through 31.

37.     Defendant, STEPHENS, caused Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass in violation of 15 U.S.C §1692d(5). See *Sanchez v. Client Servs*., 520 F. Supp. 2d 1149, 1160-1161 (N.D. Cal. 2007).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

     a.     Damages;

     b.     Attorney's fees, litigation expenses and costs of suit; and

     c.     Such other or further relief as the Court deems proper.

### COUNT IV
### TELEPHONIC HARASSMENT AND ABUSE FOR UNAUTHORIZED CALLS TO A CELLULAR TELEPHONE

38.    Plaintiff incorporates Paragraphs 1 through 31.

39.    Defendant, STEPHENS, engaged in conduct the natural consequence of which is to harass, oppress, or abuse by using an automatic telephone dialing system or pre-recorded or artificial voice in placing telephone calls to Plaintiff's cellular telephone to which Plaintiff had not consented, in violation of 15 U.S.C §1692d.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

     a.     Damages;

     b.     Attorney's fees, litigation expenses and costs of suit; and

     c.     Such other or further relief as the Court deems proper.

### COUNT V
### HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

40.     Plaintiff incorporates Paragraphs 1 through 31.

41.     By failing to disclose that it is a debt collector, and the purpose of its communication, and by using an automatic telephone dialing system or an artificial or pre-recorded voice to place calls to a cellular telephone service without prior express consent, and by telephoning Plaintiff with such frequency as can be reasonably be expected to harass Plaintiff, Defendant, STEPHENS, willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

      a.     Damages;

      b.     Attorney's fees, litigation expenses and costs of suit;

      c.     declaring that Defendants' practices violate the FCCPA;

      d.     permanently injoining Defendants from engaging in the complained of practices; and

      e.     Such other or further relief as the Court deems proper.

## COUNT VI
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

42.     Plaintiff incorporates Paragraphs 1 through 31.

43.     Defendant, STEPHENS, and other debt collectors acting on behalf of Defendant, PINNACLE, placed telephone calls to Plaintiff's cellular telephone

using an automatic telephone dialing system or an artificial or pre-recorded voice without Plaintiff's prior express consent in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

44.     As assignee of the original creditor, Defendant, PINNACLE, is liable to Plaintiff for STEPHENS'S, or any of PINNACLE'S other debt collector agents, violation of the TCPA and its regulations. See paragraph 10, *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 2008 WL 65485, 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877 (F.C.C. Jan 04, 2008).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

> a.     Damages;
>
> b.     a declaration that Defendants' calls violate the TCPA;
>
> c.     a permanent injunction prohibiting Defendants from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre-recorded or artificial voice without the prior express consent of Plaintiff; and
>
> d.     Such other or further relief as the Court deems proper.

### **JURY DEMAND**

Plaintiff demands trial by jury.

11

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
Facsimile: 954-566-2235
donyarbrough@mindspring.com


By: s/ Donald A. Yarbrough
     Donald A. Yarbrough, Esq.
     Florida Bar No. 0158658