UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-80504-CIV-COHN/SELTZER

ANNE M. LIGUM,

    Plaintiff,

v.

STEPHENS & MICHAELS
ASSOCIATES, INC. and PINNACLE
CREDIT SERVICES, LLC,

    Defendants.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

**THIS CAUSE** is before the Court on Defendant Stephens & Michaels Associates, Inc.'s Motion to Set Aside Clerk's Entry of Default [DE 25]. The Court has considered the Motion, Plaintiff's Verified Opposition to Defendant's Motion to Set Aside Clerk's Entry of Default [DE 26], Defendant Stephen & Michaels Associates, Inc.'s Reply Memorandum in Support of its Motion to Set Aside Clerk's Entry of Default [DE 27], and the record in this case, and is otherwise advised in the premises.[1]

It is well-established that "defaults are seen with disfavor because of the strong policy of determining cases on their merits." Fla. Physician's Ins. Co. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993); accord In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1295 (11th Cir. 2003). The United States Court of Appeals for the Eleventh Circuit has described the relevant law regarding motions to set aside default as follows:

---

[1] Regarding Defendant's suggestion that Plaintiff filed her Opposition late, see DE 27 at 1-2, this Court directs Defendant to Rule 7.1(c)(1)(A) of the Local Rules of the Southern District of Florida. Under that rule, Plaintiff's Opposition was timely filed.

> Rule 55(c), Federal Rules of Civil Procedure, provides in relevant part that "[f]or good cause shown the court may set aside an entry of default." "'Good cause' is a mutable standard, varying from situation to situation. It is also a liberal one--but not so elastic as to be devoid of substance." Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989). We recognize that "good cause" is not susceptible to a precise formula, but some general guidelines are commonly applied. Id. Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense. Rafidain Bank, 15 F.3d at 243; see also Robinson v. United States, 734 F.2d 735, 739 (11th Cir. 1984). We note, however, that these factors are not "talismanic," and that courts have examined other factors including whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default. E.g., Dierschke v. O'Cheskey, 975 F.2d 181, 184 (5th Cir. 1992). "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." Id. However, if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief. Shepard Claims Service, Inc. v. William Darrah & Associates, 796 F.2d 190, 194-95 (6th Cir. 1986).

Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951-52 (11th Cir. 1996).

Here, Defendant states in its Motion that when Plaintiff moved for the clerk's entry of default as to Defendant, the parties were in the midst of meaningful settlement discussions. Based on conversations with Plaintiff, Defendant believed that during those discussions, Defendant was not required to file an Answer to the Complaint, and Plaintiff would not move for default. Further, when Plaintiff did move for default, Defendant acted quickly to file its Answer and Affirmative Defenses to Complaint [DE 21] and Amended Answer and Affirmative Defenses to Complaint [DE 22] the same day the clerk entered the default.

The Court thus finds that the default was neither culpable nor willful, that setting

aside the default and allowing the case to proceed on the merits will not prejudice Plaintiff, and that there is therefore good cause to set aside the entry of default. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant Stephens & Michaels Associates, Inc.'s Motion to Set Aside Clerk's Entry of Default [DE 25] is **GRANTED**. The Clerk's Default [DE 20] as to Stephens & Michaels Associates, Inc. is **VACATED**. The operative Answer and Affirmative Defenses to Complaint [DE 21] and Amended Answer and Affirmative Defenses to Complaint [DE 22] have already been filed as separate docket entries.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 16th day of September, 2010.

_____
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF